## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

TAMER TURGUN,

              Plaintiff,

v.

PORT AUTHORITY TRANS-HUDSON
CORP.,

              Defendant.

Civil No. 23-23214 (MAS) (RLS)

**<u>MEMORANDUM ORDER</u>**

This matter comes before the Court on Defendant Port Authority Trans-Hudson Corporation's ("Defendant") motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) made at the close of Plaintiff Tamer Turgun's case-in-chief and renewed at the close of Defendant's case-in-chief.

The Court reserved its decision at the time. The Court has carefully considered Defendant's motion and now denies it. The Court finds that Defendant has failed to carry its high burden of demonstrating that "any verdict other than the one directed would be erroneous under the governing law." *Brownstein v. Lindsay*, 742 F.3d 55, 63 (3d Cir. 2014); *Washington v. Gilmore*, 124 F.4th 178, 185 (3d Cir. 2024) ("Judgment as a matter of law is proper only if the record is critically deficient of the minimum quantum of evidence needed to support the verdict." (internal quotation marks and citation omitted)); *State Farm Mut. Auto. Ins. Co. v. Lincow*, 444 F. App'x 617, 621 (3d Cir. 2011) ("The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high[.]"). Accordingly,

**IT IS** on this 25th day of March 2026, **ORDERED** that:

1. Defendant's motion for a judgment as a matter of law is **DENIED**.

_____
Michael A. Shipp
**United States District Judge**