**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMER TURGUN,<br><br>Plaintiff,<br><br>v.<br><br>PORT AUTHORITY TRANS-HUDSON CORP.,<br><br>Defendant. | Civil No. 23-23214 (MAS) (RLS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Port Authority Trans-Hudson Corporation's ("PATH" or "Defendant") Motion for New Trial or Remittitur of the Award for Medical Expenses (the "Motion"). (ECF No. 90.) Plaintiff Tamer Turgun ("Plaintiff") opposed (ECF No. 92), and PATH replied (ECF No. 93). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court denies PATH's Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a six-day trial, a jury returned a verdict in favor of Plaintiff, a PATH cable splicer, who sustained an on-duty injury. Specifically, the jury found that Plaintiff's injuries were caused 78% by PATH's negligence and 22% by Plaintiff's own negligence. (Verdict, ECF No. 80; *see generally* Trial Tr. ("TT"), ECF Nos. 83-88.)[1] The jury awarded the following damages (before the

[1] The TT is located at ECF Nos. 83 through 88. The Court will reference the relevant pages of the TT and will not reference the corresponding ECF page numbers within those files.

22% comparative reduction for Plaintiff's own negligence): (1) $356,250 for past loss of earnings; (2) $1,600,000 for future loss of earnings; (3) $303,000 for past pain and suffering; (4) $560,000 for future pain and suffering; and (5) $913,000 for medical expenses. (Verdict.)

Pursuant to PATH's self-funded benefits program and 45 U.S.C. § 55, PATH paid all of Plaintiff's medical expenses and asserted a lien in the amount of $712,049.47 against any recovery in this action. (*See* TT 904:17-25, 905:9-13.) At trial, Plaintiff called PATH's Chief Medical Officer, Dr. Howard Fisher ("Fisher"), and claims manager Nicole Mikulas ("Mikulas") to establish the existence, amount, and scope of PATH's medical lien. (*Id.* at 867-68, 904-06.) Fisher testified that his office approves recommended treatments to ensure they are related to the on-duty injury, but that PATH's Office of Medical Services does not assess medical necessity and does not second-guess treating physicians' recommendations. (*Id.* at 887:3-11.) Mikulas confirmed that the total amount paid by PATH on Turgun's behalf was $712,049.47. (*Id.* at 904:17-25.) The 748-page medical billing record supporting those payments was admitted into evidence as Defendant's Exhibit 18. (Def.'s Ex. 18.) Plaintiff's counsel argued in summation that the jury should award the $712,049.47 lien amount as a floor, explaining that until the jury awards that amount, Plaintiff sees none of the recovery — it passes directly to PATH. (*See* TT 1072:18-1073:13.)

After the close of Plaintiff's case-in-chief, PATH filed a motion for judgment as a matter of law. (*Id.* at 908:22-912:4.) The Court reserved its decision on the matter at the time (*id.* at 915:2-5), and following the conclusion of the trial, denied the motion (Mar. 25, 2026, Mem. Order, ECF No. 89). PATH thereafter filed the instant Motion. (Def.'s Mot., ECF No. 90.) Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 92), and PATH replied (Def.'s Reply Br., ECF No. 93).

## II. LEGAL STANDARD

### A. Rule 59(a)

Federal Rule of Civil Procedure[2] 59(a)(1)(A) provides that a court may award a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" The purpose of a motion pursuant to Rule 59 is "to correct manifest errors of law or fact or to present newly discovered evidence." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Courts have the discretion to grant a new trial on several grounds, including: "(1) that the verdict is against the weight of the evidence; (2) that the damages are excessive; or (3) that the district court made substantial errors in the admission or rejection of evidence or in its instructions to the jury." *Winnicki v. Bennigan's*, No. 01-3357, 2006 WL 2506738, at *1 (D.N.J. Aug. 29, 2006) (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

"[A] new trial should be granted only when the verdict is contrary to the weight of the evidence or when a miscarriage of justice would result if the verdict were to stand." *Brennan v. Norton*, 350 F.3d 399, 430 (3d Cir. 2003). A district court may not "grant a new trial because it would have come to a different conclusion than that reached by the jury." *Lyles v. Flagship Resort Dev. Corp.*, 371 F. Supp. 2d 597, 602 (D.N.J. 2005). Therefore, "[i]n determining whether the evidence is sufficient[,] the court is not free to weigh the evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury." *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 1185 (D.N.J. 1992), *aff'd*, 4 F.3d 1153 (3d Cir. 1993). "The motion may be granted if 'the record is critically deficient of that minimum quantity of evidence from

---

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

which a jury might reasonably afford relief.'" *Lyles*, 371 F. Supp. 2d at 600 (quoting *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 166 F. Supp. 2d 19, 28 (D.N.J. 2001)).

"When a defendant claims that a jury's award of damages is excessive, '[a] new trial is warranted only where the verdict is grossly excessive and bears no rational connection to the evidence.'" *Lyles*, 371 F. Supp. 2d at 604 (alterations in original) (quoting *Blakey v. Cont'l Airlines Inc.*, 992 F. Supp. 731, 734 (D.N.J. 1998)).

> For the court to disturb a jury verdict, the damages assessed by the jury must be so unreasonable as to offend the conscience of the [c]ourt. If the trial court finds that the verdict is a result of passion or prejudice by the jury, the court must grant a new trial. The court's obligation, however, is to uphold the jury's award if there exists a reasonable basis to do so.

*Id.* (internal quotations and citations omitted).

### B. Rule 59(e)

Rule 59(e) governs a motion to alter or amend a judgment and allows a party to file a motion for reconsideration. Fed. R. Civ. P. 59(e); *Norman v. Elkin*, 849 F. Supp. 2d 418, 421 (D. Del. 2012). A motion for remittitur is essentially a motion for reconsideration, and, accordingly, may only be granted under limited circumstances. *Nelson v. Long Reef Condo. Homeowners Ass'n*, No. 11-51, 2017 WL 1823040, at *3 (D.V.I. May 5, 2017). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence [not available previously]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

"The rationalization for, and use of, the remittitur is well established as a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive."

*Spence v. Bd. of Ed. of Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3d Cir. 1986). Notwithstanding a jury's award, a district court may, in its discretion, use its remittitur power to reduce that award. *See Evans v. Port Auth. of N.Y. & N.J.*, 273 F.3d 346, 354 (3d Cir. 2001); *Hayes v. Cha*, 338 F. Supp. 2d 470, 495-96 (D.N.J. 2004). In exercising the power of remittitur, the Court must "evaluate the evidence presented and determine whether or not the jury has come to a rationally based conclusion." *Spence*, 806 F.2d at 1201; *see also Evans*, 273 F.3d at 354 ("[T]he issue to be decided here 'is not the size of the award alone, but the evidence supporting the award.'") (quoting *Blakey*, 992 F. Supp. at 737).

Remittitur may be proper where the district court concludes that the evidence was too speculative to support the damages awarded by the jury, *Spence*, 806 F.2d at 1201, or where a damages award "was contrary to all reason and . . . shock[s] the conscience of the court[,]" *Gumbs v. Pueblo Int'l, Inc.*, 823 F.2d 768, 771-72 (3d Cir. 1987). A jury award shocks the conscience of the court when it bears no rational relationship to the evidence presented at trial. *Id.* at 773; *see Almeida v. Le*, No. 14-6674, 2017 WL 1862316, at *3 (E.D. Pa. May 9, 2017). In contemplating a motion for remittitur, the Court must "review a damage award to determine if it is rationally based," *Williams v. Martin Marietta Alumina, Inc.*, 817 F.2d 1030, 1038 (3d Cir. 1987), and issue a remittitur "where it is not[,]" *Blakey*, 992 F. Supp. at 738. "If remittitur is granted, the party against whom it is entered can accept it or can proceed to a new trial on the issue of damages." *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 620 (E.D. Pa. 1998); *see also Blakey*, 992 F. Supp. at 741 ("A district court has the power to grant a new trial conditioned on the plaintiff's refusal to agree to a remittitur.").

## III. DISCUSSION

PATH argues that: (1) the jury's award is excessive and should be vacated, with a new trial granted to remedy the result; and (2) in the alternative, remittitur is appropriate because the jury verdict bears no rational relationship to the evidence presented at trial. (Def.'s Moving Br. 4-7, ECF No. 90-1.) Specifically, PATH argues that the only evidence of medical expenses presented to the jury was the $712,049.47 lien amount that it paid toward Plaintiff's medical expenses. (*Id.*) PATH contends that while the testimony and evidence presented corroborated the $712,049.47 amount, the jury awarded Plaintiff $913,000, which PATH contends exceeds the medical expenses paid on Plaintiff's behalf by more than $200,000. (*Id.* at 6-7.)

The Court, however, finds that neither a new trial nor remittitur is warranted because "[t]he [j]ury had a [r]easonable [b]asis to [r]each its [v]erdict." *Air Express Int'l v. LOG-NET, Inc.*, No. 12-1732, 2019 WL 1441195, at *6 (D.N.J. Mar. 31, 2019); *Ivins v. Pa. Dep't of Corr.-State Corr. Inst. at Graterford*, No. 17-5777, 2019 WL 13275785, at *1 n.1 (E.D. Pa. Aug. 22, 2019); *Moorehead v. Sch. Dist. of City of Allentown*, 22-3959, 2025 WL 973476, at *4 (E.D. Pa. Mar. 31, 2025). The jury's verdict: (1) was not grossly excessive; (2) bears a rational connection to the evidence presented at trial; and (3) is not so unreasonable as to offend the conscience of the Court. *See Almeida*, 2017 WL 1862316, at *3. The jury's $913,000 award bears at least a rational relationship to the testimony and evidence presented at trial, which included the testimony of Dr. Branko Skovrlj, M.D., Plaintiff's operating surgeon, discussing his surgical fee, and the 748-page medical billing record which contained billing forms submitted by each of Plaintiff's providers for over five years of treatment. (TT 762:15-765:16; Def.'s Ex. 18).[3] There is, accordingly, at least a

[3] During cross examination, PATH's counsel asked both Dr. Skovrlj, and Dr. Shady Hassan whether they billed over $150,000 for Plaintiff's surgery or whether doctors in general can bill over $150,000 for a spinal fusion. (Skovrlj Dep. Tr. 55:24-25, Court Ex. 1; TT 259:13-14.)

reasonable basis to uphold the jury's award, and the Court will do so here. *See Air Express Int'l*, 2019 WL 1441195, at *2 (explaining that "the [C]ourt's obligation . . . is to uphold the jury's award if there exists a reasonable basis to do so") (quoting *Lyles*, 371 F. Supp. 2d at 604); *Almeida*, 2017 WL 1862316, at *3 (finding that the jury's verdict was "reasonable and b[ore] a rational relationship to the evidence presented at trial" and concluding that the jury's award fell "within the uncertain limits of fair and reasonable" (citation omitted)). For the same reasons, the Court denies PATH's alternative Motion for Remittitur.[4] *See Starland v. Fusari*, No. 10-4930, 2015 WL 468333, at *6 (D.N.J. Feb. 4, 2015) (denying defendant's motion for remittitur where the jury's award was not "excessive or clearly unsupported by the evidence or indicative of manifest injustice and [was] not shocking to the Court"); *Murphy v. City of Phila. Dep't of Recreation*, No. 07-4104, 2011 WL 3652480, at *5 (E.D. Pa. Aug. 19, 2011) (denying remittitur where the court found that there was a "reasonable basis to uphold the [jury's] verdict").

[4] "A remittitur is in order when a trial judge concludes that a jury verdict is 'clearly unsupported' by the evidence and exceeds the amount needed to make [a party] whole[.]" *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1100 (3d Cir. 1995) (citation omitted). Typically, a jury verdict is "clearly unsupported" by evidence given at trial when there is no "rational relationship between the specific injury sustained and the amount awarded." *Gumbs*, 823 F.2d at 773; *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 716 (3d Cir. 2010). The Court "may not . . . reduce [an] award merely because it would have granted a lesser amount of damages" and must uphold an award if there is any "reasonable basis to do so." *Braden v. Lockheed Martin Corp.*, No. 14-4215, 2017 WL 6447867, at *17 (D.N.J. Dec. 18, 2017) (alterations in original) (quoting *Blakey*, 992 F. Supp. at 734). Because the Court concludes there is a reasonable basis for the jury's verdict and award, PATH is not entitled to remittitur.

## IV. CONCLUSION

For the reasons set forth herein, PATH's Motion is denied. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 2, 2026